UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
TRACEY LILLEY,

          Plaintiff,

  -against-                    **MEMORANDUM AND ORDER**
                                      Case No. 18-CV-6606 (FB)
COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.
--------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                     *For the Defendant:*
HAROLD SKOVRONSKY            JASON P. PECK
1810 Avenue N                        Special Assistant U.S. Attorney
Brooklyn, New York 11230       271 Cadman Plaza East
                                                     Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Tracey Lilley seeks review of the Commissioner of Social Security's final decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both parties move for judgment on the pleadings. For the following reasons, the Commissioner's motion is denied and Lilley's motion is granted insofar as it seeks a remand for further proceedings.

**I**

      Lilley applied for benefits on August 19, 2015, alleging disability based on severe pain in her right knee and lower back. After her application was denied, she

1

requested a hearing before an administrative law judge ("ALJ"), which took place on November 9, 2017. Lilley was represented by counsel at the hearing.

At the hearing, Lilley testified that her pain caused numerous limitations. As pertinent here, she testified that she could stand for only two to three minutes and sit for only "like five" minutes, AR 34, and that she needed to lie down for ten to fifteen minutes "like every half hour," AR 37-38.

The ALJ then posed a hypothetical to a vocational expert ("VE"), asking her to "assume a hypothetical individual of the Claimant's age, education, and work experience who can perform the full range of sedentary work" with the following limitations:

> Such individual must use a cane for standing or walking in the non-dominant left hand, can occasionally push, pull, or operate foot controls with the left lower extremity, can never push, pull, or operate foot controls with the right lower extremity, can occasionally climb ramps and stairs, can never climb ropes, ladders, and scaffolds, can occasionally balance [and] stoop, . . . [c]an never kneel, crouch, and crawl, and can never be exposed to unprotected heights, moving mechanical parts, and operating a motor vehicle.

AR 42-43. The VE testified that such an individual could not do Lilley's prior work as a cashier or crossing guard, but could do three other jobs in the national economy—plastic designer applier, buckler/lacer, and document preparer. *See* AR 43-44.

In a second hypothetical, the ALJ asked the VE to add an assumption that the individual "in additional to normal breaks would be off task 15% of the time in

2

an eight-hour workday." AR 44. The VE testified that such an individual could not perform any work because "being off task typically more than 5% on a consistent basis in addition to regularly scheduled breaks would not be tolerated by an employer." AR 44.

In his written decision, the ALJ found that Lilley had the residual functional capacity to perform sedentary work with the limitations set forth in the first hypothetical; that is, he did not include a limitation that Lilley would need to be "off task" for a significant portion of the workday. Based on that finding, he concluded that Lilley could not perform her past work but could perform the three other jobs identified by the VE.

The Commissioner's Appeals Council declined to review the ALJ's decision, rendering it final. Lilley timely sought judicial review.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

3

Lilley's sole argument on appeal is that the ALJ's RFC assessment was not supported by substantial evidence.  The Court agrees.

Unusually, the medical evidence in this case does not include any RFC assessments from either treating physicians or consultative examiners.  "Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error." *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010); *see also Zorilla v. Chater*, 915 F. Supp. 662, 666-67 (S.D.N.Y. 1996) ("The lay evaluation of an ALJ is not sufficient evidence of the claimant's work capacity; an explanation of the claimant's functional capacity from a doctor is required.").

The error might have been harmless if the ALJ had simply accepted all of Lilley's self-described limitations, but he evidently rejected her testimony that she could sit for only five minutes and needed to lie down for ten to fifteen minutes every half-hour.  That limitation is all-important, as it would preclude even sedentary work, which entails "up to two hours of standing or walking and six hours of sitting in an eight-hour work day." *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996 (citing 20 C.F.R. § 404.1567(a) and Social Security Ruling 83–10). Moreover, as the VE explained, no employer would tolerate ten-to-fifteen-minute breaks from those requirements every half-hour.

4

That is not to say that the lack of an RFC assessment was entirely the ALJ's fault. At the beginning of the hearing, he noted some gaps in the medical record, including records from Lilley's orthopedic surgeon, Dr. Dayan, and gave Lilley's counsel additional time to submit them. It is not clear whether the full records were ever submitted but, in any event, they did not include an RFC assessment from Dr. Dayan.

Perhaps anticipating a problem with the records from treating sources, the ALJ asked Lilley's counsel at the end of the hearing if he had tried to schedule a consultative examination. Counsel responded: "I don't need one, but if Your Honor's going to eventually want one then maybe you should order it as soon as possible." AR 46.

Nevertheless, an ALJ has an affirmative duty to develop the record, "[e]ven when a claimant is represented by counsel." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). That duty includes making "every reasonable effort to help [claimants] get medical evidence from [their] own medical sources." 20 C.F.R. § 404.1512(b)(1).

Moreover, with respect to a consultative examination, the ALJ decided to "see what the [other] records say" and "take it from there." AR 46. Once it became clear that the records from treating sources did not address Lilley's functional limitations, the ALJ should have retained a consultative examiner to

5

provide an RFC assessment.  *See* 20 C.F.R. § 404.1512(b)(2) ("We may order a consultative examination while awaiting receipt of medical source evidence in some instances, such as when we know a source is not productive, is uncooperative, or is unable to provide certain tests or procedures.").

### III

For the foregoing reasons, the Court concludes that the ALJ's findings regarding Lilley's RFC were not supported by substantial evidence.  Accordingly, the Commissioner's motion for judgment on the pleadings is denied, Lilley's motion is granted, and the matter is remanded to the Commissioner with instructions to remand to the ALJ to develop the medical evidence regarding Lilley's RFC.  As explained, that evidence may come from Dr. Dayan and/or a consultative examiner.  However, the Court's remand is not intended to limit the ALJ from obtaining relevant evidence from any acceptable source.

**SO ORDERED**.

   /S/ Frederic Block          
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 31, 2020

6